**THE ASTRI.**

**ARMCO INTERNATIONAL CORPORATION
v. REDERI A/S DISA et al.**

**No. A-15931.**

District Court, E. D. New York.

Nov. 27, 1943.

Donovan, Leisure, Newton & Lumbard, of New York City, (Lloyd F. MacMahon, of New York City, of counsel), for impleaded respondents Shelton Pitney and Walter P. Gardner as Trustees, etc.

Duncan & Mount, of New York City, (Wilbur H. Hecht, of New York City, of counsel), for William Spencer & Son Corporation.

BYERS, District Judge.

The Trustees of Central Railroad Company of New Jersey have filed an exception to an impleading petition under the 56th Admiralty Rule, 28 U.S.C.A. following section 723, upon the theory that it is legally insufficient, in failing to allege that the exceptant represented that a leaky drum (one of a number of like containers), which it had repaired, was by its act removed from its barge and loaded on board an ocean carrier.

The cause was initiated between the consignee of cargo alleged to have been damaged by the contents of that leaky drum, against the carrying vessel. By the latter, the stevedores who discharged all drums in the shipment, from the Central Railroad barge, were impleaded; they in turn seek to implead the owner of the latter, because the barge captain, on discovering the leaky condition of the offending drum, notified the Railroad by telephone that the drum would not be handled by the stevedores because of its condition; thereupon the Railroad sent a cooper to repair it, and then it was placed on board the carrier as part of the entire shipment.

As to this, the language of the present petition is: "M. J. Carpinello Company, as agent, servants and employe of said The Central Railroad Company of New Jersey, did in fact cooper the said leaking drum, which was thereupon loaded on board the M/S Astri, together with the other drums which The Central Railroad Company of

New Jersey had delivered for ocean carriage on the M/S Astri."

The foregoing seems to ascribe to the Railroad Company a sufficient participation in the series of transactions embracing alike its initial handling of this drum, and the placement thereof in the cargo of the ocean carrier, to justify William Spencer & Son Corporation in seeking to establish at the trial that the Railroad Company is a person "who may be * * · * liable * * * to such * * * respondent by way of remedy over, contribution or otherwise growing out of the same matter", within the contemplation of the 56th Admiralty Rule.

That is, the challenged petition is adequate as a pleading.

Exception overruled.

Settle order.